IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| Aoty Sports, Inc. | Case No.: 24-cv-01549 |
| Plaintiff, | |
| v. | Judge: |
| Michael Domesick, AbMill, LLC, | Magistrate: |
| Defendants. | JURY DEMAND |

**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY**

Aoty Sports, Inc. ("Plaintiff"), hereby seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 against Defendants Michael Domesick ("Domesick")and AbMill, LLC ("AbMill") (collectively "Defendants") and alleges as follows, on personal knowledge as to Plaintiff's own activities and on information and belief as to the activities of others:

**THE PARTIES**

1. Plaintiff is a California corporation with a principal place of business located at 17107 Gale Avenue City of Industry, California 91745.

2. Upon information and belief Domesick is an individual resident of the State of Connecticut with an address of 98 Brighton Street, New Britain, Connecticut 06053.

3. Upon information and belief AbMill is a Massachusetts limited liability company with a principal place of business located at 82 Wendell Avenue, Suite 100, Pittsfield, Massachusetts 01201.

## NATURE OF THE ACTION

4. This is a declaratory judgment action seeking a determination that U.S. Patent Nos. 9,895,573 ("the '573 Patent"), 10,173,092 ("the '092 Patent"), 10,286,245 ("the '245 Patent"), and 11,491,364 ("the '364 Patent") (collectively "Patents") are invalid as anticipated or obvious over the prior art and purport to cover unpatentable subject matter.

5. This declaratory judgment action also seeks a determination that the '573 Patent, the '092 patent, the '245 Patent, and the '364 Patent are not infringed by Plaintiff.

6. This action arises from a complaint submitted by Defendants to Amazon.com concerning Plaintiff's Amazon listing under ASIN B0CPJDQXLQ ("Takedown Notice"). A true and accurate copy of Plaintiff's Amazon listing is attached as Exhibit 1. A copy of a notification of Defendants' complaint to Amazon concerning this listing is attached as Exhibit 2.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over this action and the matters pleaded herein under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., and the Patent Act of the United States, 35 U.S.C. § 101, *et seq*. This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiffs' claims under the laws of the State of Illinois.

8. This Court has personal jurisdiction over Defendants because they transact business in the State of Illinois and in the Northern District of Illinois. This Court further has jurisdiction over Defendants because they have affirmatively directed infringement

accusations against Plaintiff in this judicial district and Defendants' submission to personal jurisdiction would be fair and reasonable.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 in that the Defendants are entities or individuals subject to personal jurisdiction in this District. Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendants directly target business activities towards consumers in the State of Illinois. Additionally, Defendants committed tortious acts in Illinois, engaged in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## BACKGROUND FACTS

10. Plaintiff is a company focused on the sale of personal exercise devices to consumers. Plaintiff primarily sells its devices to consumers through its Amazon store.

11. Plaintiff's sales are conducted under the Amazon Services Solutions Agreement.

12. Plaintiff listed an ab roller device for sale on Amazon under ASIN B0CPJDQXLQ ("Plaintiff's Product"). An image of the ab roller device is illustrated below:



13. Upon information and belief, Defendants sell a plank trainer protected by the Patents under the name AB MILL, as illustrated below.



14. Defendants submitted a Takedown Notice to Amazon.com against Plaintiff's Product. In the Takedown Notice Defendants claimed that Plaintiff's Product infringed the '364 Patent.

15. Due to the Takedown Notice, Plaintiff's Product was removed from listing on Amazon.com.

16. Plaintiff's Product does not infringe any claim of the '364 Patent.

17. Claim 1 of the '364 Patent requires an "arm support pad" and a "frame member…wherein at least one portion of the gram member has a tubular shape at which at least one portion of the arm support pad is attached."

18. Plaintiff's Product does not have a frame member attached to any arm support pad. The arm support pad on Plaintiff's Product is unattached to a frame member.



19. Plaintiff knew, or should have known, that Plaintiff's Product did not infringe the '364 Patent.

20. By alleging infringement of the '364 Patent against Plaintiff, Defendants have made bad faith allegations that are knowingly and objectively false.

21. Upon information and belief, each of the Patents is invalid for at least failing to comply with the condition of patentability set forth in 35 U.S.C. § 103 and are obvious in light of U.S. Patent No. 7,645,218 (Potok). A true and accurate copy of Potok patent is attached as Exhibit 3.

22. Upon information and belief, each of the Patents is invalid for at least failing to comply with the condition of patentability set forth in 35 U.S.C. § 112 as the claims, read in light

of the specification and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention.

23. Plaintiff has been damaged by Defendants' actions.

24. Plaintiff's Product does not infringe any of the claims of the Patents, either directly or under the doctrine of equivalents.

25. As a result of Defendants' actions, a substantial controversy of sufficient immediacy and concreteness exists to warrant a declaratory judgment that Plaintiff's Product does not infringe the Patents.

26. As a result of Defendants' actions, a substantial controversy of sufficient immediacy and concreteness exists to warrant a declaratory judgment that the Patents are invalid.

### COUNT I- NON-INFRINGEMENT OF THE '573 PATENT

27. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

28. Plaintiff's Product does not infringe the claims of the '573 Patent, either literally or under the doctrine of equivalents.

29. As a result of the acts described in the foregoing paragraphs, a substantial controversy of sufficient immediacy and concreteness exists to warrant the issuance of a declaratory judgment that Plaintiff does not infringe the claims of the '573 Patent.

### COUNT II- NON-INFRINGEMENT OF THE '092 PATENT

30. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

31. Plaintiff's Product does not infringe the claims of the '092 Patent, either literally or under the doctrine of equivalents.

32. As a result of the acts described in the foregoing paragraphs, a substantial controversy of sufficient immediacy and concreteness exists to warrant the issuance of a declaratory judgment that Plaintiff does not infringe the claims of the '5092 Patent.

### COUNT III- NON-INFRINGEMENT OF THE '245 PATENT

33. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

34. Plaintiff's Product does not infringe the claims of the '245 Patent, either literally or under the doctrine of equivalents.

35. As a result of the acts described in the foregoing paragraphs, a substantial controversy of sufficient immediacy and concreteness exists to warrant the issuance of a declaratory judgment that Plaintiff does not infringe the claims of the '245 Patent.

### COUNT IV- NON-INFRINGEMENT OF THE '364 PATENT

36. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

37. Plaintiff's Product does not infringe the claims of the '364 Patent, either literally or under the doctrine of equivalents.

38. As a result of the acts described in the foregoing paragraphs, a substantial controversy of sufficient immediacy and concreteness exists to warrant the issuance of a declaratory judgment that Plaintiff does not infringe the claims of the '364 Patent.

### COUNT V- INVALIDITY OF THE '573 PATENT

39. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

40. Plaintiff's Product does not infringe the claims of the '573 Patent, either literally or under the doctrine of equivalents.

41. At a minimum, the claims of the '573 Patent are invalid as obvious over the prior art.

42. At a minimum, the claims of the '573 Patent are invalid as indefinite.

43. As a result of the acts described in the foregoing paragraphs, a substantial controversy of sufficient immediacy and concreteness exists to warrant the issuance of a declaratory judgment that the claims of the '573 Patent are invalid.

### COUNT VI- INVALIDITY OF THE '092 PATENT

44. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

45. Plaintiff's Product does not infringe the claims of the '092 Patent, either literally or under the doctrine of equivalents.

46. At a minimum, the claims of the '092 Patent are invalid as obvious over the prior art.

47. At a minimum, the claims of the '092 Patent are invalid as indefinite.

48. As a result of the acts described in the foregoing paragraphs, a substantial controversy of sufficient immediacy and concreteness exists to warrant the issuance of a declaratory judgment that the claims of the '092 Patent are invalid.

### COUNT VII- INVALIDITY OF THE '245 PATENT

49. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

50. Plaintiff's Product does not infringe the claims of the '245 Patent, either literally or under the doctrine of equivalents.

51. At a minimum, the claims of the '245 Patent are invalid as obvious over the prior art.

52. At a minimum, the claims of the '245 Patent are invalid as indefinite.

53. As a result of the acts described in the foregoing paragraphs, a substantial controversy of sufficient immediacy and concreteness exists to warrant the issuance of a declaratory judgment that the claims of the '245 Patent are invalid.

### COUNT VIII- INVALIDITY OF THE '364 PATENT

54. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

55. Plaintiff's Product does not infringe the claims of the '364 Patent, either literally or under the doctrine of equivalents.

56. At a minimum, the claims of the '364 Patent are invalid as obvious over the prior art.

57. At a minimum, the claims of the '364 Patent are invalid as indefinite.

58. As a result of the acts described in the foregoing paragraphs, a substantial controversy of sufficient immediacy and concreteness exists to warrant the issuance of a declaratory judgment that the claims of the '364 Patent are invalid.

## COUNT IX- TORTIOUS INTERFERENCE OF CONTRACT

59. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

60. To state a cause of action for intentional interference with prospective economic advantage, a plaintiff must allege (1) a reasonable expectancy of entering into a valid business relationship, (2) the defendant's knowledge of the expectancy, (3) an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy, and (4) damage to the plaintiff resulting from the defendant's interference.' "

61. Plaintiff and Amazon entered into a valid and enforceable contract.

62. Defendants knew of Plaintiff's contract with Amazon.

63. Defendants intentionally and unjustifiably induced Amazon to breach the contract with Plaintiff.

64. Defendants' wrongful conduct caused Amazon to breach the contract with Plaintiff.

65. Plaintiff suffered damages as a result of Amazon's breach of contract.

## COUNT X- TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

66. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

67. Plaintiff had a reasonable expectation of continuing a valid business relationship with Amazon.

68. Defendants knew of Plaintiff's expectation.

69. Defendants intentionally and without justification interfered with Plaintiff's expectation.

70. Defendants' interference prevented Plaintiff's legitimate expectancy from ripening into a valid business relationship.

71. Plaintiff suffered damages as a result of Defendants' interference.

## COUNT XI- DEFAMATION PER SE

72. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

73. Defendants made false statements about Plaintiff.

74. Defendants knew, or should have known, that Defendants' statements about Plaintiff were false.

75. Defendants made these false statements to third parties.

76. Defendants' false statements harmed the reputation of Plaintiff.

77. Defendants' false statements about Plaintiff imputed a lack of ability in Plaintiff's trade, profession, and business, and thus constituted defamation per se.

78. Plaintiff was directly and proximately harmed by Defendants' false statements.

## COUNT XII- ILLINOIS DECEPTIVE TRADE PRACTICES (815 ILCS 510)

79. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

80. Defendants disparaged the goods of Plaintiff by stating and conveying a false or misleading representation o fact when Defendants stated that Plaintiff's Product infringed the '364 Patent.

81. Defendants made their disparaging remarks in the course of their business, vocation, or occupation.

82. Defendants benefited from Defendants' disparaging remarks about Plaintiff's Products.

83. Plaintiff suffered direct harm as a direct and proximate result of Defendants disparaging remarks about Plaintiff's Products.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment against Defendants in favor of the Plaintiff on all counts as follows:

1. A declaration that Plaintiff has not infringed, and is not infringing, directly or indirectly, the claims of the Patents;
2. A declaration that the claims of the Patents are invalid;
3. A declaration that this is an exceptional case under 35 U.S.C § 285;
4. An award of damages to Plaintiff for Defendants' actions;
5. An award to Plaintiff of its costs and attorney's fees;
6. An award of pre-judgment and post-judgment interest on the damages caused by Defendants' activities and other conduct complained of herein;
7. Grant Plaintiff such other and further legal relief as may be just and proper.

Respectfully Submitted,

Dated: February 23, 2024

By: _____/s/ Kevin Keener_____

Kevin J. Keener<br>
DC # 6296898<br>
Keener & Associates, P.C.<br>
161 N. Clark Street, Suite #1600<br>
Chicago, IL 60601<br>
(312) 375-1573<br>
kevin.keener@keenerlegal.com