**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Aoty Sports, Inc.,** | ) | |
| | ) | **No. 24 C 1549** |
| **Plaintiff,** | ) | |
| | ) | **Judge Jorge L. Alonso** |
| **v.** | ) | |
| | ) | |
| **Michael Domesick and AbMill, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

For the reasons that follow, defendants' motion to dismiss for lack of personal jurisdiction [15] is granted. This case is dismissed without prejudice. Civil case terminated.

**STATEMENT**

Plaintiff, Aoty Sports, Inc., brings this lawsuit against defendants Michael Domesick and AbMill, LLC, seeking a declaration of non-infringement and invalidity of certain patents held by Mr. Domesick. Now before the Court is defendants' motion to dismiss under Federal Rule of Procedure 12(b).

## I. Background

Plaintiff, a California corporation with its principal place of business in California, sells personal exercise devices online through an Amazon store. Defendant Domesick, a resident of Connecticut, owns and operates defendant AbMill, LLC ("AbMill"), a Massachusetts company with its principal place of business in Massachusetts. Like plaintiff, AbMill operates an online Amazon store to sell fitness equipment, including a plank trainer that embodies several patents held by Mr. Domesick. Mr. Domesick, acting on behalf of AbMill, submitted a complaint through the Amazon Patent Evaluation Express ("APEX") program concerning plaintiff's ab roller listing, asserting that it infringed his patents. Amazon issued a "takedown notice" to plaintiff and removed the ab roller listing from its site.

Plaintiff responded by filing this lawsuit, seeking a declaration that the ab roller does not infringe any of the patents held by Mr. Domesick and, alternatively, that they are invalid for obviousness and indefiniteness, as well as asserting various state-law claims. Defendants move to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim under Federal Rule of Civil Procedure 12(b)(1), (2), (3) and (6).

## II. Legal Standards

Defendants move to dismiss on numerous grounds, but the Court need not reach all of them. The Court must begin (and, as it turns out, end) with the jurisdictional issues, which must take precedence to ensure that the Court does not improperly "assum[e] . . . law-declaring power" in violation of principles of separation of powers or due process. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (internal quotation marks omitted); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (internal quotation marks omitted).

### A. Rule 12(b)(1) and Case-or-Controversy Requirement

"Rule 12(b)(1) is the means by which a defendant raises a defense that the court lacks subject-matter jurisdiction." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020). Article III of the United States Constitution limits the "judicial power" of federal courts to "cases" and "controversies." *See Steel Co.*, 523 U.S. at 102-04. These terms must not be read so broadly as to efface any "restriction upon the judicial power"; instead, they must be "taken . . . to mean cases and controversies of the sort traditionally amendable to, and resolved by, the judicial process." *Id.* at 102. In a suit for a declaration of the scope of patent rights, courts must determine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). This means the plaintiff "must allege both (1) an affirmative act by the patentee related to the enforcement of his patent rights, and (2) meaningful preparation to conduct potentially infringing activity." *Ass'n for Molecular Pathology v. U.S. Pat. & Trademark Off.*, 689 F.3d 1303, 1318 (Fed. Cir. 2012) (internal citations omitted), *aff'd in part, rev'd in part on other grounds sub nom. Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576 (2013).

Where a defendant seeks dismissal under Rule 12(b)(1) for failure to set forth allegations sufficient to establish subject matter jurisdiction on the face of the complaint, courts must "accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021) (citing *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015)).

### B. Rule 12(b)(2) and Personal Jurisdiction

A motion to dismiss pursuant to Rule 12(b)(2) tests whether a federal court has personal jurisdiction over a defendant. *Central States v. Phencorp. Reins Co.*, 440 F.3d 870, 875 (7th Cir. 2006); Fed. R. Civ. P. 12(b)(2). In ruling on a Rule 12(b)(2) motion, courts may consider matters outside of the pleadings. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When a court determines a Rule 12(b)(2) motion based on the submission of written materials without holding an evidentiary hearing, the plaintiff must make a *prima facie* case of personal jurisdiction. *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 432 (7th Cir. 2010); *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009). "The plaintiff

bears the burden of establishing personal jurisdiction when the defendant challenges it." *N. Grain Marketing, LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). To determine whether the plaintiff has met its burden, the court may consider affidavits from both parties. *Felland v. Clifton*, 582 F.3d 665, 672 (7th Cir. 2012). Courts must resolve any factual disputes in the plaintiff's favor, but any unrefuted facts in defendant's affidavits will be taken as true. *GCIU*, 565 F.3d at 1020, n.1.

"In a federal question case such as this one, a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010); *see Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104-05 (1987) (explaining that service of process is a "prerequisite to [a court's] exercise of personal jurisdiction"). "The federal statute serving as the basis for this litigation, the Patent Act, does not authorize nationwide service of process." *Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC*, No. 15 CV 1675, 2017 WL 698312, at *6 n.1 (S.D. Ind. Feb. 22, 2017).

Illinois's long-arm statute authorizes personal jurisdiction to the extent permitted by the Illinois Constitution and the United States Constitution. 735 ILCS 5/2–209(c). "[T]here is no operative difference between these two constitutional limits," so a single constitutional inquiry suffices. *Mobile Anesthesiologists,* 623 F.3d at 443. "The key question is therefore whether the defendants have sufficient 'minimum contacts' with Illinois such that the maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'" *Tamburo v. Dworkin*, 601 F.3d 693, 700-01 (7th Cir. 2010) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The nature of the defendant's contacts with the forum state determines what framework courts use to analyze whether they meet minimum requirements. *See Tamburo*, 601 F.3d at 701. There are two frameworks for analyzing personal jurisdiction: general and specific. General jurisdiction exists where a defendant has such "continuous and systematic general business contacts" with the forum that he is subject to suit there even in matters unrelated to those contacts, while specific jurisdiction refers to jurisdiction over a defendant in a suit "arising out of or related to the defendant's contacts with the forum." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 414 n.8 (1984)). General jurisdiction requires contacts so "constant and pervasive," *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014), that the defendant can be "regarded as at home" in the forum state, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924. (2011). Plaintiff does not argue that defendants are subject to general jurisdiction in Illinois, nor could it, as there is no suggestion that defendants are in any sense "at home" in Illinois.

Specific jurisdiction exists where three "essential requirements" are met:

> First, the defendant's contacts with the forum state must show that it "purposefully availed [itself] of the privilege of conducting business in the forum state or purposefully directed [its] activities at the state." Second, the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities. And finally, any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice.

*Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir. 2019) (quoting *Felland*, 682 F.3d at 673) (internal citations omitted) (alterations in original). The plaintiff "'cannot be the only link between the defendant and the forum.'" *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014) (quoting *Walden v. Fiore*, 571 U.S. 277, 276 (2014)). "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." *Walden*, 571 U.S. at 286 (internal quotation marks omitted). Courts determine whether a suit comports with traditional notions of fair play and substantial justice by weighing a number of factors, including "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Felland*, 682 F.3d at 677 (internal quotation marks omitted).

## III. Analysis

Although there is at least arguably a case or controversy here that meets the requirements of Article III, plaintiff does not establish that defendants have sufficient contacts with Illinois to permit the exercise of personal jurisdiction over them here.

### A. Case-or-Controversy Requirement

Although there is no "unyielding jurisdictional hierarchy," as both subject-matter jurisdiction and personal jurisdiction are "threshold grounds" for hearing the merits of a case, federal courts "[c]ustomarily" begin by "resolv[ing] doubts" about the former, unless it presents such "difficult and novel question[s]" that expedience dictates beginning with the latter instead. *Ruhrgas*, 526 U.S. at 578, 585.

Defendants argue that there is no case or controversy because, although plaintiff has alleged that defendants filed a complaint with Amazon and Amazon deactivated plaintiff's product listing as a result, the listing was dormant at the time, with the product marked as "currently unavailable," and defendants have taken no other enforcement action. According to defendants, these allegations do not meet the Federal Circuit's requirements of alleging an affirmative act related to enforcement by the patentee and meaningful preparation for infringing activity by the alleged infringer. But defendants do not explain how authority supports this conclusion, they make no comparison of this case's facts to the facts of any binding cases, and, without stronger support in case law, their argument is unconvincing.

The Court fails to see why complaining to Amazon about plaintiff's listing, allegedly resulting in the deactivation of the listing, was not an affirmative act related to enforcement. *See Mandala v. Tire Stickers LLC*, No. 19CV1468, 2020 WL 4743041, at *8 (M.D. Fla. May 27, 2020) (concluding that a rights-holder's complaint to a platform about infringing content may meet the case-or-controversy requirement). Defendants argue that no evidence identifies the takedown notice plaintiff has provided in support of its claims as related to the complaint defendants made,

but the Court fails to see why any such evidence is necessary at this stage. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) ("A complaint need not allege all, or *any,* of the facts logically entailed by the claim, and it certainly need not include evidence.") (internal quotation marks omitted); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668-69 (7th Cir. 2008) (explaining that a complaint need not "provide evidence"). Defendants admit they complained to Amazon about plaintiff's listing, and they have not backed away from their position that plaintiff's product infringes Mr. Domesick's patents, so plaintiff's allegations are hardly implausible. *See Mandala*, 2020 WL 4743041, at *8.

Nor does the Court see why plaintiff's listing of an allegedly infringing product does not amount to "meaningful preparation" for infringing activity. Defendants acknowledge that merely designing an infringing product would meet this requirement, even if it had not yet been offered for sale, *see Carrier Vibrating Equip., Inc. v. Gen. Kinematics Corp.*, No. 10-CV-5110, 2014 WL 1364985, at *4 (N.D. Ill. Apr. 7, 2014) (citing *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 881 (Fed. Cir. 2008)) (cited in Defs.' Mem. At 17, ECF No. 16), and plaintiff had apparently passed the point of development and design, having prepared a listing and submitted it to Amazon. And defendants do not mention that plaintiff's filing this lawsuit is another strong indication of plaintiff's preparation for potentially infringing activity. *See Patil v. 10PM Curfew, LLC*, No. 4:23-CV-16-JPK, 2023 WL 6847027, at *5 (N.D. Ind. Oct. 17, 2023). This is at least enough to get beyond the pleading stage on this issue. *Id.*

Ultimately, however, the Court need not reach any firm conclusion on the case-or-controversy requirement because, even if there is a case or controversy, there is clearly no personal jurisdiction over defendants in Illinois. *See id.* at *8 n.17 (citing *Ruhrgas*, 526 U.S. at 578).

### B. Personal Jurisdiction

Defendants argue that this Court has no personal jurisdiction over them because they are residents of Connecticut and Massachusetts and they have no contacts with Illinois whatsoever, let alone contacts sufficient to permit the exercise of personal jurisdiction within the limits of due process.

Plaintiff responds that personal jurisdiction is proper because "[d]efendants offer to sell their patented item to Illinois and ship the patented product within the jurisdiction of this Court." (Pl.'s Resp. at 2.) According to plaintiff, "Illinois courts regularly exercise personal jurisdiction over individuals operating websites offering for sale and selling merchandise to Illinois residents over the Internet." (*Id.*) The argument is terse, but to the extent plaintiff is suggesting that due process permits the exercise of personal jurisdiction over defendants who offer products for sale over the internet, without any showing that they have made any actual sales or shipments to purchasers in the forum state, plaintiff is mistaken. *See Advanced Tactical Ordnance*, 751 F.3d at 802 (citing *Walden*, 571 U.S. at 284-85); *Shenzhen Aji Fashion Tech. Co. v. WhaleCo Inc.*, No. 23 CV 14043, 2024 WL 2845974, at *4 (N.D. Ill. June 5, 2024) (citing *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 624–25 (7th Cir. 2022) ("[T]he mere fact that a defendant operates a website that can be accessed in a forum is generally insufficient to establish personal jurisdiction[, although] the sale of even a single infringing product to the forum can be sufficient."); *Vortex, Inc. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 22 CV 4189, 2023

WL 7386059, at *4 (N.D. Ill. Nov. 8, 2023) ("[O]ffering to sell products on interactive websites alone is not enough to support personal jurisdiction."); *see also Mehta v. Starwood Hotels & Resorts, LLC*, No. 21-CV-01591, 2024 WL 4346611, at *5 (N.D. Ill. Sept. 30, 2024) (no purposeful availment or direction of activity toward Illinois where "Defendants' online advertising," though viewed in Illinois, "did not target any state"). Here, there is no evidence that defendants made any sales of their plank trainer product or any others to any Illinois purchasers or shipped any products to Illinois. The Court is unable to discern any contacts defendants have created with Illinois. This is fatal to plaintiff's personal jurisdiction argument.

For completeness, apparently, defendants also explain that, under Federal Circuit case law, in a suit for a declaration of non-infringement, the court can assert personal jurisdiction over the patentee in any state where the patentee has conducted "some enforcement activity." *Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1138 (Fed. Cir. 2018). Applying that principle, the Federal Circuit recently held that, where an accused infringer filed suit for a declaration of non-infringement in response to a patentee's APEX complaint, the patentee was subject to suit in the accused infringer's home state, as the patentee must have known that the APEX complaint would require the accused infringer to take action (from its home state) or see its listings removed from Amazon.[1] *See SnapPower v. Lighting Def. Grp.*, 100 F.4th 1371, 1375 (Fed. Cir. 2024) (reasoning that the plaintiff "sufficiently alleged" that the patentee "undertook intentional actions that were expressly aimed at the forum state and foresaw (or knew) the effects of its action would be felt in the forum state") (internal quotation marks and alteration marks omitted). Here, by contrast, plaintiff has not sued in its home state of California, nor are there any allegations of enforcement activity taking place in Illinois.

Having concluded that plaintiff has failed to show minimum contacts with Illinois, the Court need not consider whether requiring defendants to litigate this suit in Illinois offends traditional notions of fair play and substantial justice. *See N. Grain*, 743 F.3d at 496. Even if the Court were to go on to consider the fair-play-and-substantial-justice factors, they weigh against exercising personal jurisdiction over defendants here. First, the burden on defendants to litigate in this forum is substantial. Defendants have no demonstrated connection to Illinois whatsoever, and they are located in New England, nearly nine hundred miles away. Second, the forum state's interest in adjudicating the dispute is low. Plaintiff does not connect the facts or events relevant to its claims to Illinois in any meaningful way, and the Court fails to see any way in which it serves Illinois's interest to subject defendants to suit here. Third, the plaintiff's interest in obtaining convenient and effective relief would not be served by subjecting defendants to suit here. Again, plaintiff has not demonstrated any connection between the facts relevant to its claims and the state of Illinois, much less any reason why suing here is more convenient; indeed, the Court can only imagine why plaintiff filed suit here to begin with. Fourth, the interstate judicial system's interest

[1] The Court notes parenthetically that, although the Patent Act has its own venue provision, 28 U.S.C. § 1400(b), "it is generally accepted that venue for purposes of a declaratory-judgment action regarding invalidity, unenforceability, or noninfringement of a patent does not fall under § 1400(b). Instead, the general venue provisions of 28 U.S.C. § 1391(b), which are applicable to claims arising under federal question subject-matter jurisdiction, apply." 5 *Matthews Annotated Patent Digest* § 36:154, Venue for declaratory-judgment actions.

in obtaining an efficient resolution of controversies is not served by subjecting defendants to suit here. This factor favors suit in some forum that provides convenient access to witnesses and sources of proof, and in this case, such fora might be found in Massachusetts, Connecticut, or California, but not in Illinois. The fifth factor, the shared interest of the several states in furthering substantive social policies, is of little significance here in this "'ordinary private tort litigation.'" *Fletcher v. Doig*, 125 F. Supp. 3d 697, 711 (N.D. Ill. 2014) (quoting *Abad v. Bayer Corp.*, 563 F.3d 663, 668 (7th Cir. 2009)). Thus, all the factors favor dismissal save one, which is neutral.

As a fallback position, plaintiff requests—in a single sentence, without citation to authority—jurisdictional discovery to determine whether there are facts that might support the exercise of personal jurisdiction here. As an initial matter, the Court considers this argument waived, as it is undeveloped and unsupported by authority. *See John Crane Inc. v. Simon Greenstone Panatier Bartlett, APC*, No. 16-CV-05918, 2017 WL 1093150, at *11 (N.D. Ill. Mar. 23, 2017) (concluding that unsupported, "cursory" argument for jurisdictional discovery was waived); *see also Eli Lilly & Co. v. Arch Ins. Co.*, No. 13 CV 01770, 2024 WL 1256000, at *3 (S.D. Ind. Mar. 22, 2024) (stating that undeveloped arguments are waived).

Even if the Court were to consider the request, the sort of jurisdictional discovery plaintiff wants to conduct should be permitted only where the plaintiff has first established at least a "a colorable or prima facie showing of personal jurisdiction." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000). "For example, a plaintiff is entitled to jurisdictional discovery if he or she can show that the factual record is at least ambiguous or unclear on the jurisdiction issue." *Andersen v. Sportmart, Inc.*, 179 F.R.D. 236, 241 (N.D. Ind. 1998). Although this is not a high standard, a request for jurisdictional discovery should be denied if it is based on "bare, attenuated, or unsupported assertions of personal jurisdiction." *Id.* (internal quotation marks omitted). Here, plaintiff's assertions of personal jurisdiction are indeed "bare" and "unsupported." Plaintiff has not raised any non-speculative basis for believing that defendants have the sort of contacts with Illinois that might support the exercise of personal jurisdiction over them here; its arguments are based on mere "conjecture." *Viahart LLC v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 19 CV 8181, 2022 WL 1004412, at *3 (N.D. Ill. Apr. 4, 2022); *see Roadget Bus. PTE. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, No. 23 CV 16262, 2024 WL 4333289, at *3 n.4 (N.D. Ill. Sept. 27, 2024). Even the minimal evidence of personal jurisdiction that the Seventh Circuit relied on in *NBA*, 46 F.4th at 624-25, is missing. Plaintiff's request for discovery merely invites the Court to sanction a "fishing expedition," which the Court need not do, *see In re Sheehan*, 48 F.4th 513, 527 (7th Cir. 2022), and is not inclined to do, particularly given that there are other venues in which this case could be brought just as easily, without any of these jurisdictional difficulties. Indeed, even if the Court were to grant the request for jurisdictional discovery, and even if, by some chance, plaintiff managed to turn up evidence to support the exercise of personal jurisdiction in this district, it would probably lead only to a dismissal for improper venue or transfer of venue to a more appropriate forum in Massachusetts, Connecticut, or California. *See Faxel v. Wilderness Hotel & Resort, Inc.*, No. 19 C 4649, 2019 WL 6467317, at *5 (N.D. Ill. Dec. 2, 2019). Therefore, the Court denies plaintiff's request for jurisdictional discovery.

For the foregoing reasons, defendants' motion to dismiss is granted. This case is dismissed without prejudice for lack of personal jurisdiction.

**SO ORDERED.**

**ENTERED: October 31, 2024**

**JORGE L. ALONSO**
**United States District Judge**